IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LATASHA JIMISON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:24-CV-1867-L** |
| | § | |
| **OTIS SMITH, JR.; CULLUM INC.;** | § | |
| and   **ADVANCED LOGISTICS** | § | |
| **TRANSPORT, LLC,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants Otis Smith, Jr.'s and Cullum, Inc.'s Motion for Partial Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion") (Doc. 4), filed July 29, 2024.  No response to the Motion was filed by Plaintiff.  For the reasons herein explained, the court **grants** the Motion (Doc. 4) and **dismisses with prejudice** Plaintiff's gross negligence claim and request for exemplary or punitive damages against Defendants Otis Smith, Jr. and Cullum, Inc.  The court also **strikes** Plaintiff's First Amended Complaint (Doc. 8), which was filed in violation of Federal Rule of Civil Procedure 15(a)(2).

### I.     Factual and Procedural Background

This personal injury case was removed from state to federal court on July 22, 2024.  The following week, Defendants Otis Smith, Jr. and Cullum, Inc. filed their Motion seeking dismissal of Plaintiff's claim for gross negligence, together with her request for exemplary or punitive damages.  As indicated, no response to the Motion was filed.  Plaintiff, instead, filed her First Amended Complaint on October 7, 2024, without leave of court or consent of Defendants.

## II.     Rule 12(b)(6) Legal Standard

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any

documents attached to it.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).  Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'"  *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).  In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion.  *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted).  Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'"  *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011)  (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002).  While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted).  Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions*.  R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).  The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim.  *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).  Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief

can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

### III.   Discussion

Under Texas law, exemplary damages are only recoverable for conduct resulting from: "(1) fraud; (2) malice; or (3) gross negligence." Tex. Civ. Prac. & Rem. Code § 41.003(a). For the purposes of exemplary damages, "gross negligence" is defined as an "act or omission" that:

> when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others . . . of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

*Id.* § 41.001.

Gross negligence has objective and subjective elements. *See Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 785 (Tex. 2001).

> Under the objective component, "extreme risk" is not a remote possibility or even a high probability of minor harm, but rather the likelihood of the plaintiff's serious injury. . . . The subjective prong, in turn, requires that the defendant knew about the risk, but that the defendant's acts or omissions demonstrated indifference to the consequences of its acts.

*U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 137-38 (Tex. 2012) (citations omitted). Thus, to state a claim for gross negligence and exemplary damages under Texas law, a plaintiff must allege facts that,

> 1) when viewed objectively from the defendant's standpoint at the time of the event, the act or omission involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and 2) the defendant

> had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

*Id.* (citations omitted).

The Texas Supreme court has recognized that "[n]o exact line can be drawn between negligence and gross negligence," and generally "the situation must be such that 'the act would reasonably be thought to be highly dangerous.'" *Wal-Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 326 (Tex. 1993) (citing *Port Terminal R.R. Assoc. v. Richardson*, 808 S.W.2d 501, 513 (Tex. App.—Houston [14th Dist.] 1991, writ denied) (inadequate "flagging" by railroad signalman did not constitute evidence of gross negligence, even though he knew of danger to approaching cars); *Terminix, Inc. v. Right Away Foods Corp.*, 771 S.W.2d 675, 681 (Tex. App.—Corpus Christi 1989, writ denied) (exterminator's use of twice the normal level of poison and his failure to adequately instruct the client on safety precautions did not constitute gross negligence); *Hylander v. Groendyke Transport, Inc.*, 732 S.W.2d 692, 695 (Tex. App.—Corpus Christi 1987, writ ref'd n.r.e.) (no gross negligence found when truck driver, after suffering a tire blowout at night, reduced his speed to 30 m.p.h. and continued driving in the right-hand lane)).

The allegations in Plaintiff's Original Petition are insufficient to support a claim for gross negligence under Texas law. While Plaintiff asserts a claim for gross negligence and contends that she is entitled to exemplary or punitive damages, the following allegations in her Original Petition regarding the collision that occurred as a result of Otis Smith, Jr. making an "unsafe lane change" while employed by Cullum, Inc. (or Advanced Logistics Transport, LLC)[*] are far too vague and conclusory and do not rise to the level of "extreme risk" required for gross negligence:

---

[*] As of the date of this memorandum opinion and order, there is no indication from the docket sheet that Advanced Logistics Transport, LLC has been served in this lawsuit. According to the Notice of Removal filed by Otis Smith, Jr. and Cullum, Inc.: "Records from the State of Mississippi Secretary of State reflect that Advanced Logistics Transport, LLC is a non-existent entity that was dissolved on or about December 20, 2014." Notice of Removal ¶ 10.

**Memorandum Opinion and Order – Page 5**

> This lawsuit arises out of a motor vehicle collision that occurred on or about Saturday, March 25, 2023, at or near Interstate 20, outside of city limits in Kaufmann, County, Texas. Plaintiff Latasha Jimison was operating her vehicle eastbound on Interstate 20 in the right lane. Defendant Otis Smith, Jr. was operating his tractor-trailer eastbound on Interstate 20 in the left lane. Defendant Otis Smith, Jr. was in the course and scope of his employment with and operating under the Federal Motor Carrier authority of Defendant Cullum Inc. and/or Advanced Logistics Transport, LLC. Defendant Otis Smith, Jr. made an unsafe lane change into Plaintiff's lane and collided hard with the driver's side of Plaintiff's vehicle.
>
> . . . .
>
> Defendants' conduct was of such character as to constitute gross negligence. Defendants' actions in connection with the collision involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and to other users of the public roadways. Defendants had actual, subjective knowledge of the risk involved, but nevertheless acted in conscious indifference to the rights, safety, and welfare of others, including the Plaintiff, when Defendants Cullum Inc. and/or Advanced Logistics Transport, LLC chose to allow Defendant Otis Smith, Jr. to operate a tractor trailer under Defendants Cullum Inc. and/or Advanced Logistics Transport, LLC's motor carrier authority on public roadways at the time of the collision, and when Defendant Smith acted in the way that he did on the day in question.

Pl.'s Pet. 3, 5.

Normally, the court would give a plaintiff an opportunity to amend his or her complaint to cure deficiencies identified regarding an insufficiently pleaded claim such as Plaintiff's claim for gross negligence and related request for exemplary or punitive damages. In failing to respond to Defendants' Motion, however, Plaintiff effectively **waived** any argument she may have had regarding this issue, and she **abandoned** her claim for gross negligence and request for exemplary or punitive damages against Defendants Otis Smith, Jr. and Cullum, Inc., which cannot be subsequently revived. *See Black v. North Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (concluding that the plaintiff abandoned her retaliatory abandonment claim when she failed to defend the claim in response to a motion to dismiss); *Hargrave v. Fibreboard Corp.*, 710 F.2d

---

Plaintiff's First Amended Complaint, however, continues to include Advanced Logistics Transport, LLC as a party to this action.

**Memorandum Opinion and Order – Page 6**

1154, 1164 (5th Cir. 1983) (explaining that a party "cannot abandon an issue" in response to a motion "and then . . . by drawing on the pleadings resurrect the abandoned issue.").

Plaintiff appears to acknowledge that she does not have a viable gross negligence claim against any Defendant in this case because her First Amended Complaint no longer includes such a claim. Plaintiff, nevertheless, continues to seek exemplary damages. Without a gross negligence claim or other grounds to support such a request, however, she cannot recover exemplary damages under Texas law. Moreover, as noted, Plaintiff filed her First Amended Complaint in violation of Rule 15(a)(2). Under this rule, because more than 21 days had passed since the filing of Defendants' Motion, Plaintiff was required to seek and obtain leave of court or Defendants' consent before amended her pleadings. As she did neither, the court determines that her First Amended Complaint (Doc. 8) should be stricken.

## IV.   Conclusion

For the reasons stated, the court **grants** Defendants' Motion (Doc. 4) and **dismisses with prejudice** Plaintiff's gross negligence claim and request for exemplary or punitive damages against Defendants Otis Smith, Jr. and Cullum, Inc. The court also **strikes** Plaintiff's First Amended Complaint (Doc. 8) and **directs** the clerk of court to make a notation on the docket sheet reflecting that this document has been "STRICKEN" pursuant to this memorandum opinion and order.

**It is so ordered** this 23rd day of October, 2024.

Sam A. Lindsay
United States District Judge